## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:20-cr-0036 |
| ) | |
| **JAMARI S. BENJAMIN,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### ORDER

**BEFORE THE COURT** are the Joint Motion to Continue Trial Date in this matter, filed on November 25, 2020, ECF No. 22, and the Joint Motion to Stay Pre-Trial Brief Order, ECF No. 23, filed on November 30, 2020. For the reasons stated herein, the motions are granted and the time to try this case is extended up to and including March 1, 2021.

On October 19, 2020, the United States filed an information against Jamari S. Benjamin ("Benjamin") charging him with eight counts: (1) conspiracy to interfere with commerce through robbery; (2) interference with commerce by threats or violence; (3) possession of a firearm during and in relation to a crime of violence; (4) robbery in the first degree; (5) possession of firearm with intent to commit a crime of violence; (6) assault in the first degree; (7) grand larceny; and (8) unlawful possession of ammunition. At Benjamin's arraignment, the magistrate judge scheduled the trial for December 7, 2020.

On November 25, 2020, the Government and Defendant Benjamin jointly filed a motion to continue the trial date. (ECF No. 22.) As a basis for the request, the parties assert that they "are actively conducting plea negotiations and will need more time in order to attempt to reach an agreement in this case." *Id.* at 1. The motion further represents that "[t]he parties also agree that time should be excluded under the Speedy Trial Act under 18 U.S.C. § 3161(h)(7)(A) on the basis of a finding that the ends of justice is served based upon the [stated] reasons." *Id.* at 1-2.

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best

*United States v. Benjamin*
Case No. 3:20-cr-0036
Order
Page 2 of 3

interest of justice. First, the parties state that Benjamin and the Government are "actively conducting plea negotiations" at this time. Second, the parties represent that an extension of time is necessary to allow Benjamin and the Government sufficient time to attempt to reach an agreement in this matter. Third, without an extension, Benjamin would be denied reasonable time necessary to properly engage in such discussions and negotiations with the Government.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "an 'ends of justice' continuance may in some circumstances be granted." *United States v. Fields*, 39 F.3d 439, 445 (3d Cir. 1994) (holding that an "ends of justice" continuance "may be granted in appropriate circumstances to permit plea negotiations to continue"); *see also United States v. Cano-Silva*, 402 F.3d 1031, 1034 (3d Cir. 1992) ("Periods of time devoted to negotiating plea agreements are not explicitly excluded from calculation, but such delays may be excluded if the district court determines that 'the ends of justice served by [granting a continuance and excluding the time from calculation] outweigh the best interest of the public and the defendant in a speedy trial.'"). *See also United States v. Williams*, 12 F.3d 452, 460 (5th Cir. 1994) (stating that Section 3161(h)(1) may permit an "ends of justice" continuation for plea negotiations in some circumstances); *United States v. Delaluna*, Nos. 99-406-1, 3-5, 7-10, 2000 US. Dist. LEXIS 51, at *3 (E.D. Pa. Jan. 7, 2000) ("The defendants' sentencing exposure is substantial. The [C]ourt does not wish to deprive them of a fair opportunity to qualify for departure motions or to deprive the government of assistance which could result in the further disruption of [criminal activity].) *Cf. United States v. Leftenant*, 341 F.3d 338, 345 (4th Cir. 2003) (concluding that plea negotiations constitute "other proceedings" within the meaning of 18 U.S.C. § 3161(h)(1) and therefore are excludable); *United States v. Lopez-Osuna*, 242 F.3d 1191, 1197-98 (9th Cir. 2000) (concluding that plea negotiations are "other proceedings"); *United States v. Someren*, 118 F.3d 1214, 1218-19 (8th Cir. 1997) (determining that "the time spent on plea negotiations is excludable" as a "proceeding involving defendant" under § 3161(h)(1)); *United States v. Bowers*, 834 F.2d 607, 610 (6th Cir. 1987) ("The plea bargaining process can qualify as one of many 'other proceedings.'").

*United States v. Benjamin*
Case No. 3:20-cr-0036
Order
Page 3 of 3

The premises considered, it is hereby

**ORDERED** that the joint motion to continue the trial date in this matter, ECF No. 22, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through March 1, 2021, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the trial in this matter previously scheduled for December 7, 2020, is **RESCHEDULED** to commence promptly at 9:00 A.M. on March 1, 2021, in St. Thomas Courtroom 1 before District Judge Robert A. Molloy; and it is further

**ORDERED** that the joint motion to stay the pre-trial brief order docketed at ECF No. 21 is **GRANTED**.

**Dated:** November 30, 2020               /s/ *Robert A. Molloy*
                                           **ROBERT A. MOLLOY**
                                           **District Judge**